McCALEB, Justice
(concurring).
The issue in this case, as I see it, is not whether appellant has been unlawfully dismissed from civil service but, specifically, whether she has timely invoked her remedy of appeal to the Civil Service Commission. Stated in another way, the question is whether Rule 13.2 of the Civil Service Commission, which prescribes that an appeal may be taken within 30 days of any discriminatory action, is applicable to a situation like this where the dismissal of *717 the employee has not been expressed in writing by the appointing authority, as required by Section 15 (N) (1) of Article XIV of the Constitution. Whereas the Civil Service Commission is vested with power by Section 15(1) (8) of the Constitution to fix the time within which.appeals must be taken to it, I agree with the majority that it is unreasonable to construe Rule 13.2 to apply in cases where the discriminatory action has not been expressed in writing by the appointing authority and that it is proper to hold that the 30 day period for taking an appeal does not begin to run until the employee is advised in writing.
In view of the fact that the Civil Service Commission refused to entertain the appeal as untimely, it would be technically correct to remand the case to that body with instructions to. consider it. On the other hand, since it is obvious that appellant was discharged without cause, I do not find it improper for this Court to reinstate her.
For these reasons, I respectfully concur.